UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                     :

CHINIQUA LEVINE,

                                       :

                  Plaintiff,               :           09 Civ. 01723 (GBD) (DF)

                                       :

        -against-                   :           **REPORT AND**

                                     :           **RECOMMENDATION**

VERIZON NEW YORK, INC.,

                                       :

                  Defendant.
------------------------------------------------------------X

**TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:**

      *Pro se* plaintiff Chiniqua Levine ("Plaintiff") commenced this employment

discrimination case in 2009, and this Court initially set a discovery schedule that would have

resulted in the completion of fact discovery by September 30th of that year – in other words,

over two years ago.  After setting that deadline, the Court granted Plaintiff numerous discovery

extensions.  Even beyond that, the Court stayed these proceedings for a lengthy period of time,

as an accommodation to Plaintiff because of her reported difficulties in litigating this case after

suffering a tragic personal loss in her family.  Ultimately, however, after repeated extensions and

a stay of eight and a half months, the Court informed Plaintiff that it would stay the action no

longer, and that Plaintiff would be expected to cooperate in completing discovery or risk

dismissal of this action for failure to prosecute.  Yet despite the Court's clear directives, Plaintiff

continued to avoid engaging in discovery, instead asking twice for the Court to enter additional

discovery stays.  At this point, faced with Plaintiff's continued non-compliance with Court-

ordered deadlines and her apparent reluctance to proceed with this case in any meaningful way,

defendant Verizon New York, Inc. ("Defendant") has moved to compel discovery, or, in the

alternative, to dismiss the action with prejudice.  In light of the history of these proceedings, as set forth below, it is this Court's view that no further stay of this action can be justified, and that granting Defendant's motion to compel would merely be redundant of multiple orders already issued by the Court and disregarded by Plaintiff.  Under all of the circumstances presented, I recommend that the action be dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

### A.    Plaintiff's Complaint and Procedural Background

On September 30, 2008, Plaintiff commenced an action in the Supreme Court of the State of New York, New York County, by filing a summons with notice; Plaintiff filed a Verified Complaint in that action in March 2009.  (*See* Memorandum Of Law In Opposition to Plaintiff's Motion For Leave To Amend The Complaint, dated Feb. 4, 2010 (Dkt. 30) ("Deft. Mem."), at 2; Declaration of Lori A. Jordan, dated Feb. 4, 2010 (Dkt. 29) ("Jordan Decl."), Ex. E ("Verified Complaint").)  Plaintiff commenced a separate action in this Court in January 2009.  (*See* No. 09 Civ. 1143, Dkt. 1; Jordan Decl., Ex. F.)  Defendant removed the state court proceeding to this Court (Dkt. 1), and, in an Order dated April 9, 2009, the Honorable George B. Daniels consolidated the two cases (Dkt. 4; Jordan Decl., Ex. I).  Judge Daniels referred the consolidated matter to me for general pretrial supervision in June 2009.  (Dkt. 7.)

Plaintiff alleges that, after more than 16 years as Defendant's employee, she was wrongfully terminated by Defendant on April 14, 2006.  (Verified Complaint at ¶ 3.)  Plaintiff alleges that her firing was the result of impermissible discrimination and/or retaliation by Defendant, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.,*

and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.,* and she seeks both

compensatory and punitive damages for the alleged violations.  (*Id.*, at ¶ 16.)

      **B.**     **Discovery Schedule History**

      After this case was referred to me, this Court held a case management conference on

July 9, 2009.  At that conference, the Court directed the parties to make initial disclosures under

Rule 26(a)(1) of the Federal Rules of Civil Procedure no later than July 31, 2009, to serve initial

document requests and interrogatories no later than August 14, 2009, and to serve and file any

motion to amend the pleadings no later than September 30, 2009.  (*See* Scheduling Order, dated

July 27, 2009 (Dkt. 12).)  The Court set a deadline of December 31, 2009 for the completion of

all fact discovery, and set a follow-up conference date of September 14, 2009.  (*Id.*)

      On July 24, 2009, both parties wrote to the Court, requesting a three-week extension of

the July 31 deadline for service of initial discovery requests.  (Letter to the Court from

Defendant, dated July 24, 2009 (Dkt. 13).)  This Court granted the request, but kept the

remaining discovery deadlines in place.  (*Id.*)  Then, at the September 14 follow-up conference,

this Court extended the deadline for service of initial document requests and interrogatories to

September 30, 2009, and extended the deadline for filing any motions to amend the pleadings or

for joinder of additional parties to October 30, 2009, although the Court did not, at that time,

extend the December 31, 2009 deadline for the completion of fact discovery.  (*See* Order, dated

Oct. 2, 2009 (Dkt. 17).)  A follow-conference was scheduled for November 4, 2009.  (*Id.*)

      On or about October 2, 2009, Plaintiff requested, and Defendant consented to, an

additional 12-day extension of time to serve initial discovery requests.  (*See* Stipulation and

Order Extending the Parties Time To Serve Initial Discovery Requests, dated Oct. 13, 2009

(Dkt. 18).)  This Court granted the request and extended the deadline for serving initial discovery

requests to October 12, 2009.  (*Id.*)  On October 9, 2009 Plaintiff requested another extension, until November 9, 2009, to request documents, to produce documents, to respond to interrogatories, and to move to amend the pleadings or to join additional parties.  (*See* Letter to the Court from Plaintiff, dated Oct. 9, 2009 (Dkt. 19).)  The Court granted the request.  (*Id.*)

Plaintiff wrote to the Court on November 9, 2009 and requested "one final extension" of time, to December 9, 2009, to request documents, to produce documents, to respond to interrogatories, and to amend her Complaint.  (Letter to the Court from Plaintiff, dated Nov. 9, 2009.)  By Order dated November 18, 2009, this Court gave Plaintiff until December 23, 2009 to file a motion to amend, and also afforded Plaintiff additional time to comply with discovery requirements by extending the close of fact discovery to February 26, 2010.  (*See* Scheduling Order, dated Nov. 18, 2009 (Dkt. 21).)

On December 9, 2009, however, Plaintiff wrote to the Court again and requested an additional month to request documents from the Defendants.  (*See* Letter to the Court from Plaintiff, dated Dec. 9, 2009 (Dkt. 23).)  Plaintiff wrote that, "[b]y the end of the extended period it was [her] intention to have:  a) produced documents[,] b) requested documents[,] c) produced interrogatories, or d) produced amendments for joinders."  Plaintiff asked for an extension until January 11, 2009, and this Court granted her request.  (*Id.*)

At a December 17, 2009 case management conference, this Court granted Plaintiff an extension of time until January 22, 2010 to serve and file a motion seeking leave to amend her Complaint, and extended the deadline for fact discovery to March 31, 2010.  (*See* Scheduling Order, dated Dec. 18, 2009 (Dkt. 25).)

On January 11, 2010, Plaintiff submitted to the Court another request for an extension.  (*See* Letter to the Court from Plaintiff, dated Jan. 11, 2010 (Dkt. 26).)  Plaintiff indicated that she

4

was "only able to partially comply with the court's order to produce and request documents from the defendant's attorneys." (*Id.*) Plaintiff asked for an extension until February 16, 2010 to serve interrogatories, and this Court granted Plaintiff's request. (*See id.*)

Plaintiff finally moved to amend her Complaint on January 22, 2011 (Dkt. 28), but this Court denied her motion on June 21, 2010 (*see* Order, dated June 21, 2010 (Dkt. 37)).

On or about July 16, 2010, Plaintiff telephoned chambers and informed the Court that she had just suffered a tragic loss in her family, which would have made it difficult for her to continue to litigate this action at that time. (*See* Order, dated July 16, 2010 (Dkt. 38).) While the deadline for fact discovery had already passed, the Court had indicated to the parties at the last conference that it would permit them, by stipulation, to complete certain still-outstanding discovery. After receiving Plaintiff's telephone call, however, this Court stayed the proceedings for 45 days and directed Plaintiff to write to the Court by August 31, 2010 to update the Court as to her ability to proceed with the action. (*Id.*)

Plaintiff telephoned chambers again on August 26, 2010 and informed the Court that, although she wished to pursue her claims, she was still unable to do so at that time, for the same personal reason previously stated. (*See* Order, dated Sept. 10, 2010 (Dkt. 39).) Defendant consented to Plaintiff's request for a further stay of the proceedings, and the Court ordered that all proceedings be stayed for an additional 30 days, until September 30, 2010. (*Id.*) The Court directed Plaintiff to write to the Court by September 30, 2010, to update the Court as to her ability to proceed with the action. (*Id.*)

On or about September 30, 2010, Plaintiff contacted chambers again, and informed the Court that her situation had not changed. (*See* Order, dated Sept. 30, 2010 (Dkt. 40).) The Court stayed all proceedings for an additional 45 days, until November 15, 2010, and directed the

5

parties to appear for a case management conference on November 15, 2010.  (*Id.*)  The Court

also stated:

> Plaintiff is advised that, having commenced this litigation against
> Defendant, she does have an obligation to prosecute the case, and
> she will be expected to resume discovery by November 15th.  If,
> by that date, Plaintiff is still not prepared to proceed, then this
> Court may recommend that the case be dismissed without
> prejudice for failure to prosecute.

(*Id.*)

On November 8, 2010, Plaintiff informed the Court by telephone that she still believed

that she would have difficulty proceeding at that time.  (*See* Order, dated Nov. 15, 2010

(Dkt. 41).)  This Court adjourned the November 15, 2010 conference to January 31, 2011, and

continued the stay of the proceedings until the January 31 conference.  (*Id.*)  The Court stated,

however, that the matter "shall not be stayed beyond that date," and that "[t]his extension of the

stay is final."  (*Id.*)  The Court further stated:

> The Court notes that discovery in this action was supposed to have
> been completed by June 7, 2010 (*see* Dkt. 35), which was prior to
> the date that the Court initially stayed these proceedings.
> Nonetheless, the Court had previously informed the parties that, if
> they wished, they could stipulate to conduct certain depositions
> outside the Court-ordered discovery cut-off date, and the Court
> recognizes that there may also be certain open discovery disputes.
> At the January 31 conference, both parties should inform the Court
> as to whether any discovery remains, or if the discovery record
> should be considered closed.  If the Court determines that any
> discovery is outstanding, it will set a schedule at the conference for
> the completion of such discovery. . . If Plaintiff fails to appear at
> the January 31 conference, or otherwise fails to prosecute her case
> following that conference, I may recommend that the case be
> dismissed without prejudice for failure to prosecute.

(*Id.*)

Plaintiff appeared for the January 31, 2011 case management conference, and, at that conference, this Court extended the deadline for the completion of fact discovery to March 31, 2011 and set a follow-up conference for March 23, 2011.  (*See* Scheduling Order, dated Feb. 4, 2011 (Dkt. 42).)

Apparently, however, Plaintiff did not cooperate with Defendant in concluding any remaining discovery or even in responding to Defendant's counsel's communications, leading Defendant to file a motion to compel on March 1, 2011.  (Letter from Defendant to Court, dated Feb. 28, 2011.)  Defendant asked the Court to order Plaintiff to produce all still-unproduced documents set forth in her Rule 26 Disclosure, to prevent depositions from going forward until Plaintiff had complied with her discovery obligations, and to order Plaintiff to update her contact information, as necessary to allow for timely communication.  (*Id.*)

On March 17, 2011, Plaintiff wrote to the Court, requesting a further stay of her case. Plaintiff then telephoned chambers on March 22, 2011 and requested an adjournment of the conference that had been scheduled for March 23, 2011.  Although the Court cancelled the conference, Plaintiff was instructed to submit a response to Defendant's motion to compel within one week.  When no response followed, the Court issued an Order, stating:

> This matter has been stayed for 8½ months, and this Court cannot continue to stay these proceedings.  Plaintiff is again directed to respond to Defendant's outstanding motion to compel discovery. Plaintiff may have until April 15, 2011 to serve and file that response.  Plaintiff's failure to cooperate in discovery or comply with the Court's orders may result in some form of sanction, including dismissal for failure to prosecute.

(*See* Order, dated Apr.4, 2011 (Dkt. 44 (Mem. Endors.)).)

Even at this point, though, Plaintiff apparently did not cooperate in discovery, and, according to Defendant, did not respond to any of Defendant's attempts at communication.

7

Rather, Plaintiff wrote to the Court on May 3, 2011 and again asked the Court to stay

proceedings in the case, based on personal hardship.  (Letter to the Court from Plaintiff, dated

May 3, 2011.)  Defendant responded by letter on June 15, 2011 and asked this Court to dismiss

the case with prejudice.  (Letter to the Court from Defendant, dated June 15, 2011.)  In its letter,

Defendant wrote:

> The March 31 deadline passed without [Plaintiff] conducting any
> depositions or producing any documents.  Prior to the March 31
> deadline, [Defendant] repeatedly tried to cooperate with [Plaintiff]
> to complete all outstanding discovery.  However, [Plaintiff] did not
> respond to any forms of communication from counsel for
> [Defendant] regarding her failure to complete her document
> production, her service of insufficient deposition notices, and the
> scheduling of contemplated depositions.  In light of [Plaintiff's]
> refusal to communicate and cooperate with discovery, on March 1,
> 2011, [Defendant] filed a motion to compel discovery.  Since filing
> the motion, [Plaintiff] has neither opposed the motion, despite
> receiving two opportunities from the Court to do so, nor produced
> any of the outstanding documents.

(*Id*.)  Although Defendant did not cite any Rule as the basis for its request for dismissal of

Plaintiff's action, Defendant argued that dismissal with prejudice was warranted as a result of

Plaintiff's "history of failing to abide by Orders and failure to complete discovery."  (*Id*., at 2.)

Most recently, Plaintiff has contacted the Court to inquire about the status of her latest

requests for a stay, but the Court has received no response from her to Defendant's motion to

compel discovery, or to Defendant's application to dismiss the action for failure to comply with

the Court's discovery orders and for failure to prosecute.  Further, as far as the Court is aware,

Plaintiff has never responded to Defendant's long-outstanding discovery requests.

## DISCUSSION

### I.      APPLICABLE LEGAL STANDARDS

#### A.      Rule 37

Rule 37(a) of the Federal Rules of Civil Procedure provides that, after good faith conference or an attempt at good faith conference, a party may move for an order compelling disclosure or discovery from a party that has failed to provide discovery.  *See* Fed. R. Civ. P. 37(a)(1).  Further, if a party fails to obey a discovery order, the Court may, under Rule 37(b), "make such orders in regard to the failure as are just," including but not limited to orders that certain facts be taken as established, that the noncompliant party be precluded from supporting its claims or introducing certain matters in evidence, that the party's pleadings or portions of its pleadings be stricken, that the action be stayed pending compliance, that the party's claims be dismissed, or that the party be held in contempt.  Fed. R. Civ. P. 37(b)(2).[1]  It is well established that "the court has broad discretion to determine the type of sanction to impose upon a party, based on all the facts of the case."  *AAIpharma Inc. v. Kremers Urban Dev. Co.*, No. 02 Civ. 9628 (BSJ)(RLE), 2006 U.S. Dist. LEXIS 79815, at *13 (S.D.N.Y. Oct. 31, 2006) (citing *Dimensional Sound, Inc. v. Rutgers Univ.*, No. 92 Civ. 2350 (DLC), 1996 U.S. Dist. LEXIS 188, at *9-10 (S.D.N.Y. Jan. 10, 1996)).

Dismissal of a claim, however, "is an extreme sanction, to be imposed only in extreme circumstances."  *Jones v. Niagara Frontier Transp. Auth.*, 836 F.2d 731, 734 (2d. Cir. 1987)

---

[1] This portion of Rule 37 also provides that, "[i]n lieu of [such an order] or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust."  *Id.*

(citation omitted).  Before such a severe sanction is imposed, the Court should consider the

appropriateness and adequacy of a lesser sanction.  *See Shcherbakovskiy v. Da Capo Al Fine,*

*Ltd.*, 490 F.3d 130, 140 (2d Cir. 2007) (noting that "sanction of dismissal is a drastic remedy that

should be imposed only in extreme circumstances, usually after consideration of alternative, less

drastic sanctions" (internal quotation marks and citations omitted)).  Sanctions under Rule 37

are intended (1) to ensure that a party will not benefit from its failure to comply with a court

order, (2) to obtain the party's compliance, and (3) to serve as a deterrent.  *See Update Art,*

*Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 71 (2d Cir. 1988) (citing *Nat'l Hockey League v.*

*Metro. Hockey Club, Inc.*, 427 U.S. 639 (1976)); *Dimensional Sound*, 1996 U.S. Dist. LEXIS

188, at *9 (citation omitted).  With these purposes in mind, "Rule 37 permits the imposition of

'just' sanctions," and thus "the severity of [the] sanction must be commensurate with the non-

compliance."  *Shcherbakovskiy*, 490 F.3d at 140.  The Court's discretion in selecting an

appropriate sanction should be guided by a number of factors, including:

> (1) the willfulness of the non-compliant party or the reason for the
> noncompliance; (2) the efficacy of lesser sanctions; (3) the
> prejudice to the other party; (4) the duration of the period of
> noncompliance; and (5) whether the non-compliant party had been
> warned of the consequences of [her] noncompliance.

*Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002) (citation omitted); *see also*

*USA Gateway, Inc. v. Spring Travel*, No. 03 Civ. 4026 (JFK)(RLE), 2004 U.S. Dist. LEXIS

26139, at *9-10 (S.D.N.Y. Dec. 30, 2004) (listing similar factors for the Court to consider in

fashioning a sanction under Rule 37 (citation omitted)).

### 2.    Rule 41

A plaintiff also has a general obligation to prosecute his or her case diligently.  *See Lyell*

*Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982).  If a plaintiff fails to do so, the

Court may dismiss the action under Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute. *See* Fed. R. Civ. P. 41(b). In fact, "[a] plaintiff's lack of diligence alone is enough for dismissal." *West v. City of New York*, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted). The Court is not required to provide notice of a dismissal under Rule 41(b). *See id* at 524. As courts in this Circuit have held, "such dismissal is largely a matter of the judge's discretion." *Id.* Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," this Court may dismiss an action with prejudice, where a plaintiff fails to prosecute his or her case. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

In deciding whether to dismiss an action for failure to prosecute, the Court should consider factors similar to those relevant to such a determination under Rule 37. In the context of Rule 41(b), appropriate factors for consideration include:

> (1) the duration of plaintiff's failures or non-compliance;
> (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000) (citing *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994)).

## II.   THE PARTIES' APPLICATIONS

### A.   Plaintiff's Request for a Further Stay of These Proceedings

Plaintiff has made no showing that she is actually unable to prosecute this case, a year and a half after she suffered a family loss. She has presented no medical evidence of incapacity or documentation of any substantial time conflict that would impede her ability to proceed here.

11

In addition, the Court has already considered several requests by Plaintiff to continue the stay that it initially imposed, and, in fact, the Court has granted many of those requests, resulting in a lengthy hiatus in these proceedings.  It was only after a substantial period of time had passed that the Court finally informed Plaintiff that it would stay the case no longer.  As no evidence has been presented to the Court to persuade it that this determination was misguided, this Court adheres to its view, stated to Plaintiff both before and during the January 31, 2011 conference, that no further stay should be granted.

### B.    Defendant's Request for an Order Compelling Discovery or, in the Alternative, Dismissing this Action with Prejudice

There is little question that Plaintiff has failed to satisfy all of her discovery obligations, and thus the Court would have a basis for issuing the Rule 37(a) Order initially requested by Defendant, compelling Plaintiff  to produce discovery.  The Court, however, has already issued Orders requiring Plaintiff to comply with outstanding discovery requests, and has further directly instructed Plaintiff, on numerous occasions, as to what she would need to do to comply with its discovery rulings.  Under these circumstances, a Rule 37(b) discovery sanction – as opposed to an order compelling discovery – is arguably warranted.  Plaintiff's failures, however, appear to go beyond any specific failure to produce discovery, in compliance with any particular request or Order.  Her apparent failures to communicate with Defendant's counsel, to cooperate in the discovery process, or to take any affirmative steps to prosecute this action suggest an overall failure to prosecute this case.

Based on the history outlined above, the factors relevant to a Rule 41(b) analysis weigh in favor of dismissal under that Rule.  First, with respect to the duration of Plaintiff's failures or non-compliance, the Court notes that, after numerous deadline extensions, which should have

12

enabled Plaintiff to complete discovery, discovery in this case was scheduled to close on June 7, 2010.  Despite Plaintiff's failure to complete discovery by that time, and in light of the personal hardship she suffered, the Court stayed these proceedings for over eight months, until January 31, 2011.  Now, however, it has now been over eight months *since the stay has been lifted,* and Plaintiff has evinced no intention of proceeding with this action.  To the Court's knowledge, she has not responded to any of Defendant's outstanding discovery requests, nor has she made any other attempts to advance her case.

Second, with respect to the notice that Plaintiff was given of the potential consequences of non-compliance, the Court explicitly warned Plaintiff, both in case management conferences held by the Court and in several separate Orders, that her failure to comply with discovery requirements or otherwise to prosecute the case could result in dismissal.  Third, with respect to prejudice to Defendant, this Court agrees with Defendant that Defendant "should not be forced to continue expending costs and fees in connection with this matter for an [indeterminate] period of time." (Letter to Court from Plaintiff, dated June 15, 2011.)  Fourth, the Court has provided Plaintiff with ample opportunity to proceed with her case, but cannot effectively manage its docket when Plaintiff refuses to litigate her case.

Finally, lesser sanctions – such as those alternatives set out in Rule 37(b)(2) – do not make sense under the circumstances of this case.  As Plaintiff has essentially done nothing to prosecute her case for a sustained period of time, it would be difficult for the Court to determine, for example, which "designated facts" might be "taken as established," *see* Fed. R. Civ. P. 37(b)(2)(A)(i), or what "designated matters" might be precluded from being offered in evidence, *see* Fed. R. Civ. P. 37(b)(2)(A)(ii).  Certainly, the sanction of "staying" these proceedings

pending Plaintiff's compliance with discovery orders would be counter-productive, as Plaintiff appears to seek a stay of unlimited duration.

At this point, given that Plaintiff has been expressly and repeatedly cautioned by the Court that her failure to cooperate in discovery could result in the dismissal of this action, and that, despite these warnings, she has continued to fail to respond, in any way, to Defendant's outstanding discovery requests or to the Court's directives regarding discovery, I recommend that the action be dismissed for failure to prosecute.

Further, given that the Court has no reason to believe that Plaintiff will ever be willing to take the steps necessary to litigate this action, and that her Title VII and FMLA claims, if reasserted, would now appear to fall outside the applicable statutes of limitations, I recommend that the Court grant Defendant's request to dismiss this case with prejudice. *See Lukensow v. Harley Cars of New York,* 124 F.R.D. 64, 67 (S.D.N.Y. 1989) (citing two year delay, with "no end in sight," as reason for dismissing action with prejudice, for failure to prosecute); *see also Sturgeon v. Airborne Freight Corp.*, 778 F.2d 1154, 1160 (5th Cir. 1985) (affirming dismissal of action with prejudice for failure to prosecute and noting that "dismissal without prejudice when further litigation is time barred is no less severe than dismissal with prejudice"). In this regard, this Court acknowledges that, on certain occasions, it previously warned Plaintiff that her case might be dismissed *without* prejudice. (*See* Order, dated Sept. 30, 2010 (Dkt. 40); Order, dated Nov. 15, 2010 (Dkt. 41); Order, dated Apr. 4, 2011 (Dkt. 44 (Mem. Endors.)).) Nonetheless, the Court also notes that it has the discretion to dismiss a case with prejudice, even without warning, if the circumstances warrant such a disposition under Rule 41. *See, e.g., Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962) (holding that notice is not a requirement for dismissal without prejudice for lack of prosecution because such dismissal falls within the ambit of the Court's

inherent authority to manage its own affairs so as to achieve the orderly and expeditious

disposition of cases); *Les Fourrures Global Canada, LTD. v. Lord & Taylor, Inc.*, No. 93 Civ.

6083, 1996 U.S. Dist. LEXIS 19028, *3 (S.D.N.Y. Dec. 24, 1996) (noting that "[w]hen

circumstances are appropriate, a district court may dismiss a complaint for failure to prosecute

even without notice or an adversary hearing).  In this case, the totality of the circumstances

presented, as set forth above, warrant such a result.

### CONCLUSION

For all the foregoing reasons, I recommend that Plaintiff's claims be dismissed with

prejudice pursuant to Rule 41(b), and that this matter be closed on the Docket of the Court.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, Plaintiff shall have fourteen (14) days from service of this Report to file written

objections.  *See also* Fed. R. Civ. P. 6.  Such objections, and any responses to objections, shall be

filed with George B. Daniels, United States Courthouse, 500 Pearl Street, Room 630, New York,

New York 10007, and to the chambers of the undersigned, United States Courthouse, 500 Pearl

Street, Room 525, New York, New York, 10007.  Any requests for an extension of time for

filing objections must be directed to Judge Daniels.  FAILURE TO FILE OBJECTIONS

WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND

WILL PRECLUDE APPELLATE REVIEW.  *See Thomas v. Arn*, 474 U.S. 140, 155 (1985);

*IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*,

968 F.2d 298, 300 (2d Cir. 1992); *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 58 (2d Cir. 1988);

*McCarthy v. Manson*, 714 F.2d 234, 237-38 (2d Cir. 1983).  If Plaintiff does not have access to

cases cited herein that are reported on Lexis, he may request copies from Defendants' counsel.

*See* Local Civ. R. 7.2 ("Upon request, counsel shall provide the pro se litigant with copies of

such unpublished cases and other authorities as are cited in a decision of the Court and were not

previously cited by any party.").

Dated:  New York, New York
      November 1, 2011

                                Respectfully submitted,


                                DEBRA FREEMAN
                                United States Magistrate Judge

Copies to:

Ms. Chiniqua D. Levine
52 Montague Place
Montclair, N.J. 07042

Matthew T. Miklave, Esq.
Epstein Becker & Green, P.C.
250 Park Avenue
New York, New York 10177-1211

16