UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CHINIQUA LEVINE,

               Plaintiff,

    v.

VERIZON NEW YORK, INC.,

               Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

MEMORANDUM DECISION AND ORDER

09 Civ. 1723 (GBD)(DF)

GEORGE B. DANIELS, District Judge:

*Pro Se* Plaintiff, Chiniqua Levine, commenced this action in state court for employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.*, and related state and city discrimination laws, against Verizon New York, Inc. Plaintiff seeks both compensatory and punitive damages for the alleged discriminatory violations. In a letter to the court dated June 15, 2011, Defendant requested that the case be dismissed with prejudice.

This Court referred the matter to Magistrate Judge Debra Freeman for general pretrial supervision after being removed from state to federal court. Magistrate Judge Freeman filed a report recommending that the Plaintiff's claims be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to

1

which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

In her report dated November 1, 2011, Magistrate Judge Freeman advised the parties that failure to file timely objections within fourteen days to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff failed to file timely objections within the fourteen day period, but filed late objections, on December 8, 2011.

After carefully reviewing the Report, and considering the objections, this Court adopts that portion of the Report which recommends granting the Defendant's request to dismiss this case.

**Facts**

Plaintiff alleges that she was wrongfully terminated by Defendant on April 14, 2006 as a result of impermissible discrimination and/or retaliation by Defendant. The case was filed in state court and removed to this Court on February 24, 2009. Plaintiff filed a Verified Complaint in March 2009 in federal court. Thereafter, this case was referred to Magistrate Judge Debra Freeman. The Magistrate Judge set a deadline of July 31, 2009 for initial disclosures, a deadline

2

of August 14, 2009 for the parties to serve initial document requests and interrogatories, and a deadline of September 30, 2009 for the parties to serve and file any motion to amend the pleadings. See Docket Entry No. 12. All fact discovery was to be completed by December 31, 2009. Id. Both parties requested a three-week extension for service of initial discovery requests on July 24, 2009, which the court granted. See Docket Entry No. 13. The other discovery deadlines did not change. Id.

At the September 14, 2009 follow-up conference, Magistrate Judge Freeman extended the deadline for service of initial document requests and interrogatories to September 30, 2009, and the deadline for any motions to amend the pleadings or for joinder of additional parties to October 30, 2009. See Docket Entry No. 17. The court scheduled a follow-up conference for November 4, 2009. Id.

Plaintiff subsequently requested an additional 12-day extension to serve the initial discovery requests that were due on or about October 2, 2009, which Defendant consented to. See Docket Entry No. 18. Magistrate Judge Freeman granted the request and extended the deadline to October 12, 2009. Id. On October 9, 2009 Plaintiff requested another extension until November 9, 2009, to request and produce documents, to respond to interrogatories, and to move to amend the pleadings or join additional parties. See Docket Entry No. 19. The court granted that request. Id.

On November 9, 2009 Plaintiff requested "one final extension" until December 9, 2009, to request and produce documents, to respond to interrogatories, and to amend her Complaint. See Letter to the Ct. from Pl., dated Nov. 9, 2009. The court extended the deadline to December 23, 2009 to file a motion to amend, and extended the close of fact discovery to February 26, 2010. See Docket Entry No. 21.

3

On December 9, 2009 Plaintiff again asked the court for an additional month extension to request documents. See Docket Entry No. 23. The court granted the extension and set the deadline for January 11, 2009. Id.

At the December 17, 2009 case management conference, the court granted Plaintiff an extension until January 22, 2010 to serve and file a motion seeking leave to amend her Complaint, and extended the deadline for fact discovery to March 31, 2010. See Docket Entry No. 25.

On January 11, 2010 Plaintiff requested an additional extension to serve interrogatories. See Docket Entry No. 26. The court granted this extension. Id. Plaintiff moved to amend her Complaint on January 22, 2010, but the court denied that motion on June 21, 2010. See Docket Entry No. 37.

On or about July 16, 2010 Plaintiff called the Magistrate Judge's chambers and informed the Court that she recently suffered a tragic loss in her family, which made it difficult to litigate the case at that time. See Docket Entry No. 38. Although the deadline for fact discovery had passed, the court told the parties at the previous conference that it would allow, by stipulation, outstanding discovery to be completed. After considering the plaintiff's phone call, Magistrate Judge Freeman stayed the proceedings for 45 days, and directed Plaintiff to write to the court by August 31, 2010 to inform the court about her ability to proceed with the litigation. Id.

On August 26, 2010 Plaintiff informed the court that while she wished to continue to litigate her case, her family loss hindered her ability to do so. See Docket Entry No. 39. Defendant consented to a further stay of the proceedings and the Magistrate Judge ordered an additional 30 day stay. Id. Plaintiff was ordered to update the court on her status by September 30, 2010. Id.

4

On or about September 30, 2010, Plaintiff contacted the Magistrate Judge's chambers and informed the court that her situation remained the same. See Docket Entry No. 40. The court stayed the proceedings an additional 45 days to November 15, 2010, and scheduled a case management conference for that day. Id. The Magistrate Judge also advised Plaintiff that she had an "obligation to prosecute the case, and she will be expected to resume discovery by November 15th. If, by that date, Plaintiff is still not prepared to proceed, then this Court may recommend that the case be dismissed without prejudice for failure to prosecute." Id.

On November 8, 2010 Plaintiff informed the court she was still unable to proceed. See Docket Entry No. 41. The November 15th conference was postponed to January 31, 2011, and the proceedings were stayed until the conference. Id. The court stated that the proceedings "shall not be stayed beyond that date," and that "[t]his extension of the stay is final." Id. The Magistrate Judge notified Plaintiff that failure to appear at the conference or otherwise failure to prosecute the case may cause the case to be dismissed without prejudice. Id.

Plaintiff appeared at the January 31, 2011 conference. The court extended the deadline for completion of fact discovery to March 31, 2011 and scheduled a follow-up conference for March 23, 2011. See Docket Entry No. 42.

Plaintiff did not cooperate with Defendant in concluding the remaining discovery, or even respond to Defense counsel's attempts at communication. Defendant therefore filed a motion to compel on March 1, 2011. See Letter from Def. to Ct., dated Feb. 28, 2011. Defendant asked the court to compel Plaintiff to produce any remaining documents set forth in her Rule 26 Disclosure, to prevent depositions until Plaintiff complied with her discovery obligations, and to order Plaintiff to update her contact information to allow for timely communication. Id.

On March 17, 2011, Plaintiff requested another stay. On March 22, 2011, Plaintiff called chambers and requested an adjournment of the March 23, 2011 conference. The court cancelled the conference, but instructed Plaintiff to respond to Defendant's motion to compel within one week. After no response was received, the court issued an Order, requiring Plaintiff to serve and file a response to the motion to compel by April 15, 2011. See Docket Entry No. 44. The court warned Plaintiff that failure to comply might result in sanctions, including the dismissal of her case for failure to prosecute. Id.

Plaintiff still did not cooperate in discovery, and according to Defendant, still did not respond to any attempts at communication. Plaintiff instead wrote to the court on May 13, 2011 asking for another stay, based on personal hardship. Letter to the Court from Plaintiff, dated may 3, 2011. Defendant responded by letter on June 15, 2011 and requested the court dismiss the case with prejudice. Letter to the Ct. from Def., June 15, 2011. Defendant cited Plaintiff's "history of failing to abide by Orders and failure to complete discovery" as justification for the dismissal. Id. at 2.

### Dismissal is the Appropriate Sanction

Magistrate Judge Freeman properly applied Federal Rule of Civil Procedure 37(a) in determining the scope of the court's authority to compel disclosure from a party. The rule provides that after a conference or good faith attempt at a conference, a party may move for an order compelling disclosure or discovery from a party that has failed to provide discovery. See Fed. R. Civ. P. 37(b)(2).[1] Further, if a party fails to obey a discovery order, the Court may dismiss a party's claims or hold a party in contempt. Id. Dismissal of a claim is "an extreme sanction, to be imposed only in extreme circumstances." Jones v. Niagara Frontier Transp. Auth.,

---

[1] Litigants have an obligation to comply with court orders despite their *pro se* status. See Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990).

836 F.2d 731, 734 (2d Cir. 1987). The Court should consider the adequacy of an "alternative, less drastic sanction[]" before imposing such a severe sanction. See John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc., 845 F.2d 1172, 1175 (2d Cir. 1988). In this case, this Court issued numerous Orders requiring Plaintiff to produce discovery, and comply with outstanding discovery requests. The Court repeatedly instructed Plaintiff on the consequences of failing to comply with such Orders. Plaintiff was served with numerous discovery requests during the almost two year period from July 31, 2009 through March 31, 2011. After giving Plaintiff ample opportunity to comply with discovery requests, Magistrate Judge Freeman properly ruled that the sanctions under Rule 37(b)(2) are insufficient alternatives to the more severe sanction of dismissal.

In determining whether dismissal is necessary for failure to prosecute, Magistrate Judge Freeman properly applied rule 41(b) of the Federal Rules of Civil Procedure. Factors relevant for a consideration of dismissal include:

> (1)The duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and (5) whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000) (citing Nita v. Conn. Dep't of Envtl. Prot., 16 F.3d 482, 485 (2d Cir. 1994)).

This Court agrees with Magistrate Judge Freeman's determination that Plaintiff's claims must be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The court previously granted numerous extensions and stayed the proceedings prior to, and for eight and a half months after, Plaintiff's family loss. Plaintiff failed to comply with discovery orders and failed to respond to Defendant's motions. On at least three occasions the court properly

notified the Plaintiff of her duty to prosecute this case and warned that failure to do so may lead to a dismissal of her case. See Docket Entry No. 44; Docket Entry No. 42. Accordingly, because no lesser sanction provides appropriate relief, the Court adopts that portion of Magistrate Judge Freeman's Report which recommends granting the Defendant's request to dismiss this case.[2]

### Conclusion

Defendant's request to dismiss for failure to prosecute is GRANTED.

Dated: March 30, 2012
New York, New York

SO ORDERED

*[signature: George B. Daniels]*

GEORGE B. DANIELS
United States District Judge

---

[2] Although Magistrate Judge Freeman recommended that this case be dismissed *with* prejudice, this Court finds that it is appropriate to dismiss the federal claims without prejudice and decline to assert jurisdiction over any related state or city claims. Plaintiff had only been warned that her claim would be dismissed *without* prejudice if she continued to fail to prosecute the case. As noted in the Magistrate Judge's Report, Plaintiff's claims are likely independently precluded by the statute of limitations.

8